[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12183
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:07-cr-60121-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PEREZ HILARIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2011)

Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jose Perez Hilario appeals his 15-month sentences for making a false claim in an application for a passport, 18 U.S.C. § 1542, making a false claim to United States citizenship, 18 U.S.C. § 911, and perjury, 18 U.S.C. § 1621. On appeal, Hilario argues that his sentences are substantively unreasonable. He contends that the district court should have granted a downward variance because his guideline range overrepresented his criminal history. For the reasons stated below, we affirm.

I.

According to the presentence investigation report ("PSI"), Hilario applied for a United States passport at the Ft. Lauderdale, Florida Post Office on February 6, 2006. In his written application, Hilario stated that his name was Trinidy Gonzalez and that he was a United States citizen. He also provided a Puerto Rican birth certificate in the name of Trinidy Gonzalez. As part of the application process, Hilario took an oath that the statements in his written application were true. The Bureau of Diplomatic Security later learned that Hilario was a permanent resident who was born in the Dominican Republic. The Bureau also discovered that Hilario was the subject of active arrest warrants issued by the New York City Police Department and the United States Marshals Service.

The PSI determined that Hilario had a total offense level of 12. With

2

respect to Hilario's criminal history score, the PSI noted that he had two prior convictions. In April of 1990, Hilario was convicted of criminal sale of a controlled substance after he attempted to sell half a kilogram of cocaine to an undercover police officer. He was sentenced to a term of 4 years to life imprisonment, and was paroled in December of 1991. In 1998, Hilario was convicted of conspiracy to possess with intent to distribute cocaine. The charged conspiracy involved the distribution of 68 kilograms of cocaine in the New York City area. Hilario was sentenced to time served, to be followed by a five-year term of supervised release. In October 2001, Hilario was arrested for violating the terms of his supervised release, but was released on bond. In May 2002, the district court issued a second warrant for Hilario's arrest after he failed to report to the probation officer as ordered. Hilario was not arraigned on the second warrant until June 2009. Shortly thereafter, Hilario's supervised release was revoked, and he was sentenced to time served, with no supervision to follow.

In scoring Hilario's criminal history, the PSI imposed three points for his 1991 sentence, and three points for his 1998 sentence. The PSI added two additional points because Hilario committed the present offense while on supervised release for his 1998 conviction. Therefore, Hilario had a total of eight criminal history points, placing him in category IV. The PSI determined that

Hilario had a guideline range of 21-27 months' imprisonment.

Hilario objected that he should not have received three criminal history points for his 1998 sentence because he was sentenced to time served. He argued that he should only have received one criminal history point because the sentence for that offense did not exceed 60 days. Hilario also requested a downward variance on the ground that his guideline range substantially overrepresented his criminal history. He noted that his prior convictions had occurred many years before his offense conduct in this case.

At the sentencing hearing, the district court sustained Hilario's objection to his criminal history score. The court assessed only one point for the 1998 conviction, which reduced Hilario's criminal history category from IV to III. The court determined that Hilario had a guideline range of 15 to 21 months' imprisonment.

Hilario then renewed his request for a downward variance. He argued that his guideline range substantially overrepresented his criminal history because it did not reflect the fact that his prior offenses occurred in 1990 and 1996, 16 and 10 years before the present offense. He asked the court to sentence him to 12 months and 1 day in prison. The government agreed that Hilario's criminal history was overrepresented, but it recommended that the court impose a sentence of 15

months.

In pronouncing sentence, the district court stated that it had considered the 18 U.S.C. § 3553(a) factors. The district court concluded that Hilario's guideline range did not overrepresent his criminal history:

> Mr. Perez Hilario got four years to life back in 1991 for selling half a kilogram of cocaine He only did . . . seven-and-a-half months in jail, got out, and then got arrested for conspiracy to distribute 68 kilograms of cocaine. He got time served. A couple of years later was put on supervised release, absconded from supervised release.
>
> I don't think a criminal history category three overrepresents someone who has had this serious of an involvement with the criminal justice system.

The court denied Hilario's request for a variance and imposed concurrent 15-month sentences for all three counts of conviction.

## II.

We review a sentence imposed by a district court for reasonableness, using an abuse of discretion standard. *United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009). We follow a two-step process in reviewing a sentence. First, we must ensure that the district court did not commit a significant procedural error in sentencing the defendant. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Second, we consider whether the defendant's sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors. *Id.*

5

at 51, 128 S.Ct. at 597.

The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We "recognize that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. *Id.* We will not reverse a sentence as substantively unreasonable unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation omitted).

In this case, Hilario's 15-month sentences are substantively reasonable. Although Hilario's prior convictions occurred 16 and 10 years before the offense conduct in this case, both of those prior convictions were for serious drug offenses. Hilario also violated the terms of his supervised release with respect to his 1998 conviction. Given those facts, district court appropriately concluded that a category of III did not overrepresent Hilario's criminal history.

In light of Hilario's prior offenses, a sentence within the guideline range

was needed to promote respect for the law and to reflect Hilario's history and characteristics. *See* 18 U.S.C. § 3553(a)(1), (2)(A). A guideline sentence also has the effect of deterring others from committing similar offenses. *See* 18 U.S.C. § 3553(a)(2)(B). Hilario's total sentence is at the low end of his guideline range of 15-21 months, and we ordinarily expect a sentence within the guideline range to be reasonable. *See Talley*, 431 F.3d at 788. Accordingly, we conclude that the district court did not abuse its discretion by sentencing Hilario to concurrent terms of 15 months' imprisonment.

**AFFIRMED.**